[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 1, 1992 Date of Application May 5, 1992 Date Application Filed May 12, 1992 Date of Decision January 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-331378;
Barbara G. Lifton, Esq., Defense Counsel for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of the crime of kidnapping in the first degree in violation of General Statutes Section 53a-92(a)(A), sexual assault in the first degree in violation of General Statutes Section53a-70(a)(1) and sexual assault in the third degree in violation of General Statutes Section 53a-72(a)(2). Sentences of eighteen years were imposed on the first and second counts and a sentence of five years was imposed on the third count. All sentences were to run concurrently for a total effective sentence of eighteen years.
This sentence was to be served consecutively to a sentence petitioner was then serving for violation of probation.
The facts underlying petitioner's conviction indicate that the victim went with petitioner, her uncle, to his home. When they arrived, no one else was home. Petitioner grabbed the victim around the neck and dragged her into the basement where he ordered her to remove her underclothes. When she hesitated, he ripped them off her. Petitioner then forced the victim to engage in sexual intercourse. Before releasing the victim, petitioner threatened to kill her if she told anyone. CT Page 2218
In urging a reduction, petitioner's attorney claimed that the sentence was excessive and should have been concurrent to the violation of probation. The attorney argued that the presentence investigation was prejudicial to petitioner. The report was prepared by the officer who had supervised petitioner on probation, and it was claimed that the report was slanted, inaccurate and failed to include favorable things about petitioner's family life.
Speaking on his own behalf, petitioner stated that he did not commit the crimes for which he had been sentenced. He also stated that he had worked hard to take care of his family during the sixteen months he was out of prison.
The state's attorney argued against any reduction in sentence. He stressed petitioner's prior criminal record. The state's attorney also claimed that the presentence investigation was factual and, in part, was supportive of petitioner.
Here, the sentencing judge was required to impose a fair sentence on a thirty-three-year-old man who had been convicted of a serious crime which had a significant effect on the victim. Before imposing sentence, the judge reviewed petitioner's long record of violent dangerous crimes. It was also noted that at the time the offense was committed, petitioner was on probation for a robbery.
The function of this division is not to redetermine questions of guilt but to determine if the sentence was appropriate. In view of the seriousness of the offense and petitioner's long criminal record, it cannot be found that the sentence was inappropriate or disproportionate. Connecticut Practice Book Section 942.
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 2219